# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

YERARD JOSE SOSA ORTIZ,

    Petitioner,

v.

WARDEN, FOLKSTON ICE PROCESSING FACILITY,

    Respondent.

CIVIL ACTION NO.: 5:25-cv-204

## ORDER

After review of the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus in this case, the Court determined Petitioner, through counsel, raises the same claim and seeks the same relief as the Petitioners in the Villa consolidated cases, Case Number 5:25-cv-89. Dkt. No. 1. The Court directed service of the Petition and directed Respondent to show cause why this Petitioner is not entitled to the same relief as the Villa consolidated Petitioners. Dkt. No. 3. Respondent has filed his Response. Dkt. No. 4. Respondent states that none of Petitioner's claims are meritorious. However, Respondent recognizes that Petitioner does raise a challenge similar to the Villa Petitioners' claims and acknowledges that, if the Court adheres to the reasoning in Villa, that same reasoning controls the outcome in this case. Respondent notes he is reserving all rights, including the right to appeal,

and provides the Court with an abbreviated response to the Petition. Id. at 3.[1] If the Court grants this Petition, Respondent asks for seven (7) days to arrange an individualized bond hearing. Id. at 10.

The Court finds that Petitioner's claims are sufficiently similar to the claims in Villa and, therefore, the reasoning in Villa applies with equal force here. Petitioner falls in the category of those detainees who have been detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado but would otherwise be subject to discretionary bond under 8 U.S.C. § 1226(a). Dkt. No. 1 at 11. Thus, the Court **GRANTS in part** Petitioner's § 2241 Petition and **ORDERS** Respondent to provide Petitioner with a bond hearing, as § 1226(a) requires, within seven (7) days of this Order. The Court **DIRECTS** Respondent to comply

---

[1] The parties also discuss Bautista v. Santacruz, No. 5:25-cv-01873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025), in which the court certified a class of habeas petitioners that includes all aliens in the United States without lawful status who:

> (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Respondent states he does not believe Petitioner is a member of the bond eligible class. Dkt. No. 4 at 2. Petitioner agrees that Villa controls here. Dkt. No. 5. The court has entered final judgment in Bautista. 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). This Court declines to address whether Petitioner is a member of the certified class, as this Court's decision in Villa provides Petitioner with his requested relief.

with the immigration judge's conclusions in that bond hearing. The Court **DIRECTS** the Clerk of Court to **CLOSE** this civil action and enter the appropriate judgment.

**SO ORDERED**, this ___29___ day of ___December___, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA